## McPHERSON v. MACY.

SPECIFIC PERFORMANCE. Facts discussed which are held insufficient to authorize a decree for specific performance of a contract to convey land.

*Appeal from Guthrie District Court.*

THURSDAY, APRIL 9.

ACTION in chancery for the specific performance of a contract to convey lands, and for other relief. There was a decree in accordance with the prayer of the petition; defendants appeal. The facts of the case fully appear in the opinion.

*E. R. Fogg*, for appellants.

*S. D. Nichols*, for appellee.

BECK, J.—There is little, if any, conflict in the evidence before us. It establishes the following facts:

Rebecca Hadley, and her two minor children, were tenants in common of the land in controversy, each owning an equal interest. She entered into a verbal agreement with Alfred Bowles to exchange the land for a tract owned by him, on condition that she could make a legal title for her children's interest, but it was expressly understood that, if this could not be done, the contract for the exchange should not be binding upon the parties, and each should resume possession of the lands which passed under the arrangement. Bowles was also to pay certain taxes upon the land owned by him. Mrs. Hadley bargained the land she was to obtain in the trade to Ephraim Bowles, he agreeing to pay for it when she procured a title. Ephraim Bowles contracted the land to Sanders, who was to take his place in his agreement with Mrs. Hadley. Neither of the parties paid anything for the land. About the time of the arrangement between Mrs. Hadley and Alfred Bowles, D. W. Hadley traded for the land in controversy with Alfred Bowles, and

entered into its possession, and afterward sold it to plaintiff and executed a title bond to him for a proper conveyance. Under this contract plaintiff took possession of the property.

The land increased in value, and Mrs. Hadley and Alfred Bowles being satisfied that they could not procure an order by the proper court for the sale of the minors' interest in the land, mutually consented that their agreement should be regarded as rescinded and no longer of force. Sanders, who had contracted for Alfred Bowles' land, surrendered it to him without receiving or claiming any consideration.

Plaintiff now claims to enforce the contract between Alfred Bowles and Mrs. Hadley, insisting that he is entitled to a conveyance for her undivided interest and a judgment against D. W. Hadley for two-thirds of the consideration specified in the title bond executed by him. Since the original contract, Mrs. Hadley intermarried with Perry Macy. She and her husband with D. W. Hadley and wife, are made defendants. The court granted the relief prayed for, and, by decree, directed the conveyance of the land by Mrs. Macy and her husband to plaintiff and entered judgment against D. W. Hadley in the sum of $826.27.

Under the contract, D. W. Hadley acquired no absolute equity to the land; whatever interest passed to him was contingent, depending upon the transfer of the minors' title by legal proceedings. The contract by its very terms did not bind Mrs. Hadley to convey her lands, unless the interest of her children could be sold. This, it appears, could not be done, or at least the parties became satisfied that no sale of the land could be effected. It does not appear that there was any fraud in this mutual understanding to rescind the contract; on the contrary, we are bound to presume it was entered into in good faith. The contract then came to an end upon the very contingency and in the very manner contemplated.

Plaintiff bases his rights upon this same contract; they are no other or different, as against Mrs. Hadley, than those possessed by Alfred Bowles. By the contract for the sale of the lands, the last named could confer no right which he did not possess, and in the absence of bad faith on the part of Mrs. Hadley, plaintiff acquired nothing but a contingent equity as contemplated in the original contract. Alfred Bowles' possession was under the contract and imparted notice of his equity thereunder, which was contingent and dependent upon the very terms of the agreement. Plaintiff acquired this equity, and nothing more.. It came to an end in the manner contemplated by the contract, and now has no existence.

In the absence of concealment, misrepresentation, or other acts of bad faith whereby plaintiff was influenced in the purchase of the land, equity cannot for a moment entertain the proposition that Mrs. Macy shall be deprived of her land without having received one cent in consideration therefor.

The judgment against Mrs. Macy and her husband is reversed, and the petition as to them is dismissed. The cause may be remanded as to the other defendants and plaintiff, if he have a right so to do, may amend and proceed against D. W. Hadley to recover on the bond.

REVERSED.